IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

WANDA G. WALKER,

    Plaintiff,

v.                                      CASE NO. 1:16-cv-35-MW-GRJ

DEP'T OF VETERANS AFFAIRS,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 22, Defendant's Motion to Dismiss. Plaintiff has filed a response in opposition, ECF No. 24, and the motion is therefore ripe for review. For the reasons explained below, it is respectfully recommended that Defendant's motion to dismiss be granted.

## I. BACKGROUND

Plaintiff, proceeding *pro se*, in her fourth amended complaint ("Complaint") brings claims against The Department of Veteran's Affairs (the "VA") for discrimination under 42 U.S.C. § 2000e, et seq., Title VII of the Civil Rights Act, and 42 U.S.C. § 12112, et seq., the Americans with Disabilities Act ("ADA"). (ECF No. 15.)

The VA argues that Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), and for failure to state a claim under Fed. R. Civ. P. 12(b)(6). (ECF No. 22.) As support the VA filed three exhibits: (1) an April 26, 2012 Initial Contact and Interview Sheet pertaining to Plaintiff's claims from the Office of Resolution Management, Department of Veterans Affairs (ECF No. 22-1); (2) a letter sent to Plaintiff from the Office of Resolution Management on August 13, 2012, pertaining to Plaintiff's claims (ECF No. 22-2); and (3) the Department of Veterans Affairs Final Agency Decision pertaining to Plaintiff's claims (ECF No. 22-2).[1]

Plaintiff previously worked for the VA at its St. Mary's Community Based Outpatient Clinic in Georgia. In May 2011, however, Plaintiff requested a lateral transfer to a medical center closer to her home in

---

[1] On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court ordinarily must limit its consideration to the complaint and written instruments attached as exhibits. *See U.S. ex rel. Osheroff v. Humana*, 776 F.3d 805, 811 (11th Cir. 2015). Nonetheless, "a district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the [p]laintiff's claim, and (2) its authenticity is not challenged." *Id.* (noting that the records of plaintiff's underlying Florida Supreme Court case were plainly central to his claims and that plaintiff did not challenge the authenticity of the records); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005). The exhibits filed by Defendant are central to Plaintiff's claims because they directly relate to the prerequisites for and timeliness of her claims. Moreover, Plaintiff does not challenge their authenticity. Accordingly, the Court may consider these documents in ruling on the motion to dismiss.

Gainesville, Florida due to her disability. Reasonable accommodations were available, *i.e.*, the VA medical center in Gainesville, where she had worked prior to St. Mary's. Plaintiff provided medical documentation to Nicklous Ross at the VA medical center in Gainesville to support her transfer request. Plaintiff alleges Mr. Ross denied Plaintiff's transfer request because of Plaintiff's race and because Plaintiff had previously filed a complaint against Mr. Ross.

Plaintiff contacted an Equal Employment Opportunity ("EEO") counselor on April 26, 2012. Then on August 1, 2012, Plaintiff received a letter notifying her that her request for reconsideration of a reasonable accommodation was denied. She thereafter filed a formal complaint against the VA on August 3, 2012, claiming that the VA discriminated against her by retaliating against her and by failing to accommodate her disability. Following an investigation, the Department of Veterans Affairs issued a final agency decision on September 22, 2014, in which it determined that Plaintiff failed to prove that she was discriminated against. The final agency decision expressly notified Plaintiff of her right to appeal to the Equal Employment Opportunity Commission ("EEOC") within 30 days. The decision also advised Plaintiff of her right to file a civil action in

federal court within 90 days of receipt of the decision if she chose not to file an appeal to EEOC.

At some point thereafter, Plaintiff was transferred to work at the VA medical center in Gainesville, Florida, but to a position in a lower pay grade. For relief Plaintiff requests the Court to direct the VA to promote her to a higher pay grade. (*Id.*)

## II.  STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555. Conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a cause of action" are "not entitled to be assumed true." *Iqbal*, 556 U.S. at 681. To escape dismissal, a complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." *Id.* at 683 (quoting

*Twombly*, 550 U.S. at 570)). "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). "The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Id.* (quoting *Iqbal*, 556 U.S. at 678).

## III.  DISCUSSION

The VA contends Plaintiff's ADA claims should be dismissed under Fed. R. Civ. P. 12(b)(1) because the United States has not waived its sovereign immunity to be sued under the ADA. The VA further argues Plaintiff's Title VII claims should also be dismissed under Fed. R. Civ. P. 12(b)(6) because the claims are time barred and nonetheless fail to state a claim.

### A.  ADA Claims

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (citations omitted). A waiver of sovereign immunity "cannot be implied but must be unequivocally

expressed." *United States v. King*, 395 U.S. 1, 4 (1969). The issue of "[s]overeign immunity is jurisdictional in nature." *Meyer*, 510 at 475; *United States v. Mitchell*, 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that existence of consent is a prerequisite for jurisdiction."). Thus, if sovereign immunity applies, a federal court lacks jurisdiction to entertain the suit. *Meyer*, 510 U.S. at 475.

Title I of the ADA prohibits an employer from discriminating against a qualified individual on the basis of disability in regard to employment. § 12112(a). The ADA, however, expressly exempts the United States from the definition of "employer." *See* 42 U.S.C. § 12111(5)(B)(I). Thus, Congress has not waived federal sovereign immunity for ADA claims. *Fox v. United States*, No. 3:10-cv-126DPJ-MTP, 2012 WL 2685067, at *1 (S.D. Miss. July 2, 2012) (citing *Agee v. United States*, 72 Fed. Cl. 284, 289 (2006)). Accordingly, Plaintiff's ADA claims are due to be dismissed for lack of subject matter jurisdiction.

## B. Title VII Claims

Title VII prohibits an employer from discriminating against an individual based on race and in retaliation for the individual engaging in protected activity. *See* §§ 2000e-2, 2000e-3; *Crawford v. Carroll*, 529 F.3d

961, 970 (11th Cir. 2008). Title VII is the exclusive remedy for a federal employee complaining of employment discrimination. *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976). Before filing a Title VII suit in federal court, a federal employee must exhaust administrative remedies by filing a complaint with the EEOC. *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001); *see also* § 2000e-5(e).

Under the procedures applicable to employees of the VA, an employee must first initiate contact with an Equal Employment Opportunity ("EEO") counselor within 45 days of the alleged discrimination. 29 C.F.R. § 1614.105(a)(1). If the employee decides to file an EEO complaint the agency will determine whether the complaint should be dismissed. 29 C.F.R. § 1614.107. The agency shall dismiss a complaint that fails to comply with the 45-day time limit for initiating contact with an EEO counselor. § 1614.107(a)(2) (referencing, in part, the time limit contained in § 1614.105). If the complaint is not subject to dismissal, the agency with which the complaint was filed shall thereafter conduct an investigation and issue a final action. 29 C.F.R. §§ 1614.108–110. A complainant may appeal an agency's final action or dismissal of a complaint to the EEOC. 29 C.F.R. § 1614.401. If the complainant chooses not to file an appeal, she


has 90 days after receipt of the final action to file a civil action in federal court. 29 C.F.R. § 1614.407(a); *see also* § 2000e-5(f)(1).

Title VII's time limitations are not jurisdictional prerequisites, which if not satisfied deprive a federal court of subject matter jurisdiction. *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 93–96 (1990); *Jackson v. Seaboard Coast Line R. Co.*, 678 F.2d 992, 1009–10 (11th Cir. 1982). Instead, the time limitations are prerequisites that, like a statute of limitation, are subject to waiver, estoppel, and equitable tolling. *Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982); *Forehand v. Fla. State Hosp. at Chattahoochee*, 89 F.3d 1562, 1567–68 (11th Cir. 1996); *McClinton v. Ala. By-Products Corp.*, 743 F.2d 1483, 1485 (11th Cir. 1984). When a defendant particularly denies in a motion to dismiss that the conditions precedent to suit have been satisfied, the plaintiff bears the burden of proving otherwise. *See EEOC v. Klinger Elec. Corp.*, 636 F.2d 104, 107 (5th Cir. 1981) (determining that "it was appropriate for the district court to inquire into the adequacy of the [condition precedent]" when the defendant raised the issue with particularity under Fed. R. Civ. P. 9(c) in a motion to dismiss); *King v. Clarke Cty., Ala.*, No. CA12-0312-CG-C, 2012 WL 5287040, at *7 (S.D. Ala. Sept. 27, 2012) (dismissing plaintiff's Title VII

claims of race discrimination and retaliation for failure to exhaust administrative remedies where plaintiff failed to plead sufficient factual allegations demonstrating proper exhaustion).

Plaintiff's Title VII claims are time-barred. The agency investigated Plaintiff's claims and issued a final agency decision on September 22, 2014. (ECF No. 22-3.) Plaintiff did not file this case until February 12, 2016, almost one and a half years later, which is well past the 90-day time period. (ECF No. 1.) While there are no allegations or other materials pertaining to the exact date Plaintiff received the agency's decision and the notice of her right to sue, Plaintiff does not challenge in her response that the she received the September 22, 2014 final agency decision and the notice of her right to sue well outside of the ninety day period for filing suit.[2]

Plaintiff failed to respond to Defendant's timeliness argument in her response to the motion to dismiss. (ECF No. 24.) Further, on May 5, 2017, the Court issued an order providing Plaintiff an opportunity until May 26, 2017, to file a response and any evidentiary materials demonstrating whether she filed the complaint in this Court within 90 days of receiving the

---

[2] Although the court-approved Title VII form for *pro se* litigants includes a question pertaining to the date the plaintiff received the notice of right to sue letter, Plaintiff failed to respond to that question on her third amended complaint. *See* ECF No. 15 at 43.

notice of her right to sue. (ECF No. 25.) As of the date of this report and recommendation Plaintiff has failed to respond. Plaintiff has, therefore, failed to meet her burden to prove that she filed suit within ninety days of the final agency action and within 90 days of receiving the right to sue notice. Accordingly, Plaintiff's Title VII claims are due to be dismissed. *See Abram v. Fulton Cty. Gov.*, 598 F. App'x 672, 675 (11th Cir. 2015) (district court correctly concluded that plaintiff's claims were subject to dismissal pursuant to § 2000e-5 because plaintiff failed to file suit in district court within 90 days of receiving her notice of her right to sue).[3]

Lastly, while Plaintiff's claim for racial discrimination fails to state a plausible claim upon which relief may be granted and Plaintiff's retaliation claim may be sufficient to nudge Plaintiff's claim across the line from conceivable to plausible, the Court need not determine whether Plaintiff

---

[3] Defendant also argues that Plaintiff failed to contact an EEO counselor within the 45-day period. According to Plaintiff's complaint, the alleged discrimination occurred in May 2011. But, the agency's April 26, 2012 Initial Contact and Interview Sheet states "[o]n 4/26/2012, Ms. Walker contends she was called by her Union Representative and told that Mr. Ross did not want her back at the Gainesville VA facility. . . . . She also stated that she has not received any other response to her Reasonable Accommodation request in August 2011." (ECF No. 22-1 at 1.) It is therefore unclear whether Plaintiff first learned on April 26, 2012 that her 2011 reasonable accommodation/transfer request was denied (and also initiated EEO contact that same day), or whether she found out sooner. Plaintiff also failed to respond to this argument in her response. At a minimum, however, Plaintiff failed to show that she complied with the 90-day filing requirement so her Title VII claims are nonetheless due to be dismissed.

has stated plausible claims because Plaintiff failed to timely file her complaint within 90 days after receiving the notice of her right to sue.

## IV. RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that: Defendant's Motion to Dismiss Third Amended Complaint for Lack of Subject Matter Jurisdiction And/Or Failure to State a Claim, ECF No. 22, should be **GRANTED** and this case should be dismissed with prejudice.

**IN CHAMBERS** at Gainesville, Florida, this 9th day of June 2017.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**